IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| 7-ELEVEN #22360, a sole proprietorship,<br>5512 Park Heights Avenue<br>Baltimore, MD 21215-4624<br><br>and<br><br>MD MAHBUB UR RASHID, an Individual,<br>10524 My Girl Pl.<br>Woodstock, MD 21163<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Civil Process Clerk<br>United States Attorney's Office<br>District of Maryland<br>36 S. Charles Street, 4th Floor<br>Baltimore, Maryland 21201<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT |

The Plaintiffs, 7-ELEVEN #22360, a sole proprietorship, and MD MAHBUB UR RASHID, an Individual, by and through their undersigned counsel and hereby file this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

**FACTUAL BACKGROUND**

1. The Plaintiff owns and operates a retail store in Baltimore, Maryland, named 7-Eleven #22360, a sole proprietorship (hereinafter referred to as "7-Eleven"). The store is comprised of a commercial storefront dedicated to retail sales of retail food market, focusing mostly on groceries to the Plaintiffs' customers.

2. Located in Maryland's 7th Congressional District, 7-Eleven serves a community where approximately 16% of households receive Supplemental Nutrition Assistance Program benefits[1] ("SNAP"), formerly known as Food Stamps, which is overseen by the Food & Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"). Of said households, approximately 47.8% are below the poverty level, 41.6% of said households are with one or more people 60 years of age and over, 39.2% of said households are with child(ren) under the age of 18 years, and 50.2% of said households are with disabled individual(s).

3. Accordingly, 7-Eleven began accepting Electronic Benefit Transfers (or "EBT") to better serve the local community and increase its attractiveness to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele account for an even larger portion of the gross revenue as they conduct significant non-SNAP transactions as well for ineligible items.

4. On August 6, 2020, the USDA, through the FNS, issued a Charge Letter to the Plaintiffs, wherein the Plaintiffs were charged by the Defendant with selling ineligible items and exchanged cash for SNAP benefits at the store which resulted in a permanent disqualification of their SNAP license.

5. The Plaintiffs denied and defended against the Charge Letter, but on October 27, 2020 they were permanently disqualified from SNAP.

---

[1] See USDA Publication of December 2020, Profile of SNAP Households: Maryland Congressional District 7.

6. Accordingly, on October 29, 2020, the Plaintiffs filed for an Administrative Review of the Department's decision to permanently disqualify them, as permitted by 7 C.F.R. §279, and presented arguments and evidence in support of their position. The Plaintiffs argued that even if the transactions had occurred, the appropriate sanction would have been the issuance of a Civil Money Penalty in Lieu of Permanent Disqualification, rather than a permanent disqualification.

7. The Administrative Review Division of the USDA responded to the Plaintiffs' appeal in a letter and opinion dated December 23, 2020. The Plaintiffs' appeal was denied. A copy of the letter and opinion dated December 23, 2020 are attached hereto as **Exhibit "A"**.

8. This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to permanently disqualify the Plaintiffs from participating as a SNAP retailer.

### JURISDICTION AND VENUE

9. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

10. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as this Plaintiffs' business was owned and operated in

Baltimore, Towson County, Maryland and because the facts giving rise to the circumstances herein occurred in the District of Maryland.

## PARTIES

12. The Plaintiff, 7-ELEVEN #22360, a sole proprietorship, operates at 5512 Park Heights Ave., Baltimore, MD 21215-4624. 7-Eleven #22360 is referred to herein as "7-Eleven" and referred to herein collectively with the other Plaintiffs as "Plaintiffs".

13. MD MAHBUB UR RASHID, an Individual, is a natural person and resident of Woodstock, Maryland and is the registered owner of 7-Eleven #22360, a sole proprietorship, and is referred to herein collectively with the other Plaintiffs as "Plaintiffs".

14. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

15. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

16. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household. These benefits are transmitted to, and utilized by

the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

17. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as 7-Eleven.

18. In turn, SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6 which in pertinent part permits the disqualification or suspension of retailers who violate SNAP regulations.

19. Significantly, SNAP violations on the part of retailers typically occur in two areas: (1) the sale of ineligible items to SNAP participants (using their EBT benefits), and (2) trafficking in SNAP benefits.

20. The term "trafficking" is defined at length by 7 C.F.R. §271.2, which states in pertinent part that trafficking is:

> "(1) The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;
>
> (2) The exchange of firearms, ammunition, explosives, or controlled substances, as defined in section 802 of title 21, United States Code, for SNAP benefits;
>
> (3) Purchasing a product with SNAP benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally discarding the product, and intentionally returning the container for the deposit amount;
>
> (4) Purchasing a product with SNAP benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with SNAP benefits in exchange for cash or consideration other than eligible food; or

(5) Intentionally purchasing products originally purchased with SNAP benefits in exchange for cash or consideration other than eligible food;

(6) Attempting to buy, sell, steal, or otherwise affect an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signatures, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone."

See 7 C.F.R. §271.2 (2016)

21. Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office, offered any evidence or allegation that the store's ownership or management was involved in the alleged violations.

22. The store, in fact, did oversee and train its employees in compliance with 7 C.F.R. §278.6 as part of their standard franchisee process with 7-Eleven. At no time was the store owner or manager neglectful or careless in the operation of the store.

23. The Plaintiffs' request for a Civil Money Penalty (CMP) was subsequently denied by the Department in the Administrative Review.

24. Though the Defendant conceded that the Plaintiffs' CMP was timely requested, and documentation was adequate to indicate that the trainings had included the requisite information, the Defendant took issue with retrainings:

> "There was no evidence of internal review of the employee compliance with the SNAP regulations… In addition, although Appellant provided documentation of employee training upon hire, there was no documentation to show that employees were periodically trained after the initial training as required by 7 CFR 278.6(i)(2)(i). The only subsequent training was after the violations occurred. Initial training was conducted more than 13 years ago for one employee with no evidence of refresher training." **Exhibit A** at 8.

25. The Plaintiffs retrained and updated their employees after the initial training on a regular basis verbally. Furthermore, the employee cited by the Defendant to not have been retrained in 13 years, was the store's manager who was regularly updated about FNS rules and policies via e-mail from the USDA, and then informed the employees of each of the changes.

26. The Defendant arbitrarily denied the issuance of a civil money penalty in lieu of a permanent disqualification.

## COUNT I: REQUEST FOR JUDICIAL REVIEW

27. The Plaintiffs incorporate and restate each and every paragraph set forth above as though more fully set forth herein.

28. The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7 have the right to, and hereby do, request a *de novo* judicial review of the permanent disqualification issued by the Defendant against the Plaintiffs.

29. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiffs had committed SNAP regulation violations.

30. Furthermore, the Plaintiffs have never been afforded an opportunity to cross examine the investigator, nor have they been permitted the opportunity to review the Administrative Record and respond to the allegations and evidence set forth therein.

31. As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly permanently disqualified the Plaintiff from participation in SNAP.

32. Therefore, the permanent disqualification against the Plaintiffs should be set aside by this Court and the Plaintiffs' status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiffs, 7-ELEVEN #22360, a sole proprietorship, and MD MAHBUB UR RASHID, an Individual, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's permanent disqualification of the Plaintiffs, and subsequently enter Judgment against the Defendant for improperly permanently disqualifying the Plaintiffs, as well as awarding the Plaintiffs the attorney's fees and costs incurred in this action.

**COUNT II: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY**

33. The Plaintiffs hereby incorporate and restate paragraphs 1 through 26 above as if more fully set forth herein.

34. The Plaintiffs timely requested the Department to issue a Civil Money Penalty in lieu of the permanent disqualification as they had complied with the training requirements set forth in 7 C.F.R. §278.6(i).

35. The Defendant arbitrarily and capriciously denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

36. Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to independently evaluate the evidence. See *Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

37. As such, the Plaintiffs request this Court review the Plaintiffs' request for the issuance of a civil money penalty as permitted by law, and to issue said penalty if it is found to be appropriate in lieu of any sanction resulting from the Court's decision in Count I of this Complaint.

**WHEREFORE**, the Plaintiffs, 7-ELEVEN #22360, a sole proprietorship, and MD MAHBUB UR RASHID, an Individual, respectfully request this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty, and instead instruct Defendant to issue such penalty in the event the permanent disqualification is upheld under Count I, as well as awarding the Plaintiffs attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorney, and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: January ___, 2021

Respectfully submitted,

**DARREN MARGOLIS, P.A.**

Darren Margolis, Esq.
Maryland Bar No. 23806
104 Church Lane # 203
Pikesville, MD 21208
Telephone: (410) 777-5539
Facsimile: (410) 777-5243
Email: dmargolis@lawdmpa.com

-and-

**METROPOLITAN LAW GROUP, PLLC**

*/s/ Andrew Z. Tapp*
ANDREW Z. TAPP, ESQ.
Florida Bar No.: 68002
*Pro Hac Vice*[2]
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone: (813) 228-0658
Facsimile: (813) 330-3129
Email: Andrew@Metropolitan.Legal

**COUNSEL FOR PLAINTIFFS**

---

[2] To be filed.